# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Dawn Marie Radabaugh, Owner and Agent,<br><br>Plaintiff,<br><br>v.<br><br>The Corporation Trust Company, Registered Agent for Northern Trust Corporation, Number 0774471, John/Jane Doe Agents; American Bar Association, John/Jane Doe Agents; Minnesota State Bar, John/Jane Doe Agents; State of Minnesota; John/Jane Doe Agents; District Court Hennepin County Civil Division, John/Jane Doe Agents; District Court Hennepin County Juvenile Division, John/Jane Doe Agents; Child Protection Services, John/Jane Doe Agents; Hennepin County Attorney's Office, John/Jane Doe Agents; John Doe, Therapist hired by Child Protection Services for S.M.R.K.; Joann Lisa Karetov; Amy Johnson; Joanne Gruber; Janine Moore; Luis Bartolomei; Lisa Godon; Christiana Martenson; Michael O. Freeman; Kacy Wothe; Karin L. Chedister; Michelle Ann Larkin; Randolph Peterson; Traci Smith; Eric S. Rehm; Pat Timpane; and Shiela Thomas, All agents, sub-agents similarly situated, hereinafter ab initio mundi, et al.,<br><br>Defendants. | Civ. No. 17-1559 (JRT/BRT)<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

In 2015, a Hennepin County trial judge terminated the parental rights of Plaintiff Dawn Marie Radabaugh over her child, whom this Court will refer to as S.M.R.K. The Minnesota Court of Appeals affirmed the decision, finding that the child had been neglected and abandoned by Radabaugh, that Radabaugh was unable to care for S.M.R.K., and that termination of Radabaugh's parental rights would be in the child's best interests. *See In re Welfare of Child of D.M.R.*, No. A15-0494, 2015 WL 6113511 (Minn. Ct. App. Oct. 9, 2015). The Minnesota Supreme Court denied a petition for review of the Minnesota Court of Appeals' decision on November 16, 2015. Radabaugh now brings a federal lawsuit against the State of Minnesota, several governmental and judicial entities, the Minnesota State Bar Association, the American Bar Association, the Corporation Trust Company, and more than a dozen individuals who were, in one way or another, involved in the litigation terminating her parental rights. Each of Radabaugh's claims is formally presented as either for "trespass" or for "trespass on the case," but the Complaint makes clear that she believes her constitutional rights were violated through the parental termination, and she is seeking relief largely on that basis. *See* 42 U.S.C. § 1983.

This Court has conducted an initial review of the Complaint and accompanying materials. For several reasons, this matter cannot go forward. First, most of the claims encompassed by the Complaint are precluded by the *Rooker-Feldman* doctrine,[1] thus depriving the Court of subject-matter jurisdiction over those aspects of the Complaint.

---

[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Second, Radabaugh's claims against many of the Defendants are precluded by the doctrines of prosecutorial and judicial immunity. Third, Radabaugh's claims are so underdeveloped and unsupported by plausible factual allegations that they not only fail to state a claim on which relief may be granted, but are wholly frivolous. Accordingly, it is recommended that this matter be summarily dismissed *sua sponte*.

### 1. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine "deprives federal courts of jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Banks v. Slay*, 789 F.3d 919, 922 (8th Cir. 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The 'basic theory' of the *Rooker-Feldman* doctrine is that only the United States Supreme Court has been given jurisdiction to review a state-court decision, so federal district courts generally lack subject-matter jurisdiction over 'attempted appeals from a state-court judgment.'" *Dodson v. Univ. of Ark. for Med. Sciences*, 601 F.3d 750, 754 (8th Cir. 2010) (quoting *Friends of Lake View Sch. Dist. No. 25 v. Beebe*, 578 F.3d 753, 758 (8th Cir. 2009)). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." "Lack of subject matter jurisdiction, unlike many other objections to the jurisdiction of a particular court, cannot be waived. It may be raised at any time by a party to an action, or by the court *sua sponte*." *Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993).

This action is a challenge to the state-court judgment that terminated Radabaugh's parental rights. Indeed, Radabaugh invokes the language of direct appeals when she refers to the state courts as "inferior courts," thereby suggesting that this Court may sit in appellate review of those courts. (*See* Doc. No. 1, Compl. ¶ 4.) As just explained, however, this is exactly what the *Rooker-Feldman* doctrine prohibits; outside of the context of habeas corpus petitions, *see* 28 U.S.C. § 2254, this Court may not act as an appellate tribunal over the state courts. *See Exxon Mobil Corp.*, 544 U.S. at 283.

The Complaint runs afoul of the *Rooker-Feldman* doctrine not only in style, but also in substance. For example, Radabaugh asks this Court to find that the state courts lacked jurisdiction over the custody proceedings or, alternatively, that the Minnesota state courts simply got matters wrong in concluding that termination of her parental rights was in the best interests of S.M.R.K. Among the relief sought by Radabaugh is the "return of [her] private DNA property" (*i.e.*, her child) (Compl. ¶ 91), a remedy that would require direct contravention of the state-court judgment. In all these respects, the Complaint is "inextricably intertwined" with the state-court judgment. *See Feldman*, 460 U.S. at 482 n.16.

The other necessary elements of the *Rooker-Feldman* doctrine are also established here.[2] Radabaugh was a party to the state-court action. State court review of the judgment

---

[2] The four requirements for the *Rooker-Feldman* doctrine to apply are: "(1) the federal court plaintiff must have lost in state court, (2) the plaintiff must complain of injuries caused by a state court judgment, (3) the plaintiff must invite district court review and rejection of that judgment, and (4) the state court judgment must have been rendered before the district court proceedings commenced." *Christ's Household of Faith v.*

(Footnote Continued on Next Page)

at issue fully concluded on November 16, 2015—well over a year prior to the commencement of this action—with the Minnesota Supreme Court's denial of Radabaugh's petition for review. And the judgment of the state court was unquestionably adverse to Radabaugh.

To the extent that Radabaugh asks the Court to sit in appellate judgment of the Minnesota state courts, the *Rooker-Feldman* doctrine deprives this Court of subject-matter jurisdiction. This Court cannot, as Radabaugh requests, vacate the custody determination or return S.M.R.K. to her care without overstepping its subject-matter jurisdiction. Much of Radabaugh's Complaint simply cannot be adjudicated by the Court.

That said, both the Supreme Court and the Eighth Circuit have cautioned that the *Rooker-Feldman* doctrine is susceptible to overapplication. *See Shelby Cnty. Health Care Corp. v. Southern Farm Bur. Casualty Ins. Co.*, – F.3d – , 2017 WL 1521505, at *2 (8th Cir. Apr. 28, 2017) (citing *Exxon Mobil Corp.*, 544 U.S. at 283). Claims that are merely related to a judgment entered in state court are not necessarily precluded by the *Rooker-Feldman* doctrine. "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Exxon Mobil Corp.*, 544 U.S. at 293 (quoting *GASH Assocs. v. Village of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir. 1993)).

---

(Footnote Continued from Previous Page)
*Ramsey County*, 618 F. Supp 2d 1040, 1044 (D. Minn. 2009) (citing *Skit Intern., Ltd. v. DAC Techs. of Arkansas, Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007)).

5

Certain of Radabaugh's claims likely fall outside the scope of the *Rooker-Feldman* doctrine. *See Bass v. New Jersey*, 649 Fed. App'x 255, 258 (3d Cir. 2016) (stating that the *Rooker-Feldman* doctrine requirements are "not satisfied to the extent that [the plaintiff] raises independent claims regarding defendants' alleged misconduct preceding and allegedly resulting in the state-court judgment). For example, Radabaugh seeks monetary damages on the basis of alleged misconduct by attorneys and judicial officials during the course of the state-court proceedings. Other of Radabaugh's claims defy rational explanation and, by that light, cannot necessarily be said to be inextricably intertwined with the state-court judgment. This Court therefore recommends two further grounds for *sua sponte* dismissal of this action: prosecutorial and judicial immunity, and frivolity.

**2. Prosecutorial and Judicial Immunity**

Among the Defendants named to this action are the state-court trial judge, the judges of the Minnesota Court of Appeals who affirmed the termination of Radabaugh's parental rights, the attorneys who represented the Hennepin County Human Services and Public Health Department on appeal, and the attorney for the guardian ad litem. The bulk of Radabaugh's claims against those Defendants amount to a collateral attack on the state-court judgment and therefore are precluded by the *Rooker-Feldman* doctrine. But Radabaugh attacks not only the result of the state-court proceedings, but also the conduct of the above-mentioned defendants during those proceedings. As explained above, the *Rooker-Feldman* doctrine does not necessarily preclude those claims. Nevertheless, each

6

of the above-mentioned Defendants is protected from Radabaugh's claims by either prosecutorial or judicial immunity.[3]

With respect to the state-court judges: "It is well settled, under both federal and state law, that judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions." *Nazario v. Quaintance*, No. 12-CV-0554 (JRT/AJB), 2012 WL 3612098, at *6 (D. Minn Aug. 3, 2012) (citing, inter alia, *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978)). "Only if acting in the absence of all subject-matter jurisdiction can a judge be liable, and such lack of jurisdiction cannot be found where the judge is presiding in a child protection proceeding in which she clearly has jurisdiction." *Id* "An act is judicial 'if it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity.'" *Grazzini-Rucki v. Knutson*, 597 Fed. App'x 902, 903 (8th Cir. 2015) (per curiam) (quoting *Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir. 1985)). Radabaugh's allegations against the state-court judges amount to little more than the fact that they were involved in the underlying custody proceedings; put another way, the actions complained of were fully judicial in nature. Moreover, there is no reasonable question that the Minnesota courts and judges at issue had jurisdiction over those proceedings. *See* Minn. Stat. § 260C.301. Accordingly, the judicial Defendants must be dismissed.

---

[3] Radabaugh is not clear about why each Defendant has been included in this action, and thus other Defendants might also be entitled to prosecutorial or judicial immunity. But to the extent that Radabaugh brings claims against Defendants whose presence in this lawsuit is offered without explanation, this Court will recommend dismissal on the basis of frivolity (which is well-established by the Complaint itself) rather than judicial or prosecutorial immunity (which is not).

With respect to the attorneys named as Defendants: "It is also well settled that state prosecutors are absolutely immune from claims that are based on actions taken in the performance of their official duties." *Nazario*, 2012 WL 3612098, at *6 (citing *P.G. v. Ramsey County*, 141 F. Supp. 2d at 1230 (D. Minn. 2001)). Although none of the attorneys were acting in the role of criminal prosecutors, their roles were functionally equivalent insofar as those attorneys initiated and participated in judicial proceedings on behalf of the State of Minnesota. *See Thomason v. SCAN Volunteer Servs., Inc.*, 85 F.3d 1365, 1373 (8th Cir. 1996). As with the judges, the only allegations made against the attorneys, at bottom, is that they participated in the proceedings that Radabaugh regards as unlawful. The attorneys are therefore similarly immune from suit.

### 3. Frivolity

To the extent that the Complaint is not precluded by the *Rooker-Feldman* doctrine or immunity doctrines, it is frivolous. The district courts have inherent authority to dismiss *sua sponte* any action that is frivolous or malicious. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Radabaugh's Complaint is replete with the hallmarks of frivolity generally,[4] but it is worth noting in detail the ways in which her specific claims lack an arguable basis either in law or in fact:

- There is no legal or factual basis whatsoever pleaded against many of the Defendants (such as, for instance, Amy Johnson, Joanne Gruber, and Christiana Martenson). It is thus unclear why those defendants have been included in this action at all.

- The Minnesota State Bar Association and American Bar Association have been included in this action on the legal theory that they award the title of nobility "esquire" in contravention of the Constitution. This claim, apart from being tangentially related (at most) to the remainder action, is so unsupported legally as to be frivolous. *See United States v. Petersen*, No. 09-CR-0087, 2009 WL 3062013, at *4 (D. Minn. Sept. 18, 2009).

- The Corporation Trust Company is named as a Defendant on the basis that it "has owed the BAR Association, State and Federal BARS, the IRS, and all banking." (Compl. ¶ 82 (sic throughout).) Leaving aside that this allegation is almost certainly factually untrue, Radabaugh never explains what this has to do with her lawsuit.

- The central premise of Radabaugh's entire action—that the State of Minnesota is engaged in human trafficking for profit (*see* Compl. ¶ 88)—is frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

- Radabaugh attempts to bring criminal claims for which there is no private right of action. (*See* Compl. ¶¶ 7–8); *Ehlers v. United States Navy*, No. 16-CV-0030 (DWF/TNL), 2016 WL 1592478, at *5 (D. Minn. Mar. 14, 2016) (collecting cases).

---

[4] To cite just one example: Radabaugh makes much of the difference between names spelled with all capital letters and names spelled in the normal fashion, with the former alleged to represent corporate entities and not real persons. This is both common and frivolous. *See, e.g.*, *United States v. Frech*, 149 F.3d 1192 (10th Cir. 1998) (unpublished table disposition). The overarching frivolity of this action makes determining the precise scope of the *Rooker-Feldman* doctrine or immunity doctrines impossible; at many points in the Complaint, it is impossible to say exactly *what* Radabaugh is claiming, and thus difficult to determine whether those preclusive doctrines apply.

This is a frivolous lawsuit. Insofar as this matter is within the Court's jurisdiction at all, the interests of justice require that the case be dismissed.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** *sua sponte*.

Dated: May 22, 2017　　　　　　　　　　_s/ Becky R. Thorson_____
　　　　　　　　　　　　　　　　　　　Becky R. Thorson
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.