UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DAWN MARIE RADABAUGH,<br><br>Plaintiff,<br><br>v.<br><br>CORPORATION TRUST COMPANY, AMERICAN BAR ASSOCIATION, MINNESOTA STATE BAR, STATE OF MINNESOTA, DISTRICT COURT HENNEPIN COUNTY CIVIL DIVISION, DISTRICT COURT HENNEPIN COUNTY JUVENILE DIVISION, CHILD PROTECTION SERVICES, HENNEPIN COUNTY ATTORNEY'S OFFICE, JOHN DOE, JOANN LISA KARETOV, AMY JOHNSON, JOANNE GRUBER, JANINE MOORE, LUIS BARTOLOMEI, LISA GORDON, CHRISTINA MARTENSON, MICHAEL O. FREEMAN, KACY WOTHE, KARIN L. CHEDISTER, MICHELLE ANN LARKIN, RANDOLPH PETERSON, TRACI SMITH, ERIC S. REHM, PAT TIMPANE, and SHEILA THOMAS,<br><br>Defendants. | Civil No. 17-1559 (JRT/BRT)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

Dawn Marie Radabaugh, 100 50th Street East 8996, Hastings, MN 55033, *pro se*.

Plaintiff Dawn Marie Radabaugh filed a Complaint under various common-law theories arising from the termination of her parental rights over her child S.M.R.K. This matter is now before the Court on Radabaugh's objections to the Report and

Recommendation ("R&R") of United States Magistrate Judge Becky R. Thorson.[1] The Court has conducted a de novo review of Radabaugh's objections pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the Court will overrule Radabaugh's objections and adopt the R&R.

**BACKGROUND**

In March 2015, Hennepin County (the "County") petitioned the Hennepin County District Court to terminate Radabaugh's parental rights. *In re Welfare of Child of D.M.R.*, No. A15-0494, 2015 WL 6113511, at *1 (Minn. Ct. App. Oct. 19, 2015). The County alleged that Radabaugh abandoned S.M.R.K. and "failed to satisfy the duties of the parent-child relationship." *Id.* The court held a termination trial that spanned two months and ultimately "ruled that termination of [Radabaugh's] parental rights [was] in [S.M.R.K.'s] best interests." *Id.* at *2; (*see also* Compl. ¶ 69, May 10, 2017, Docket No. 1 (noting the trial dates)). Radabaugh appealed to the Minnesota Court of Appeals, who affirmed the state district court in October 2015. *Id.* at *1.

On May 10, 2017, Radabaugh filed the Complaint in this Court asserting claims against the State of Minnesota, certain state-government agencies, divisions of Hennepin

---

[1] On May 31, 2017, Radabaugh filed a document titled "Writ of Error Quae Coram Nobis Residant" ("Writ of Error"). (Writ of Error, May 31, 2017, Docket No. 8.) In the Writ of Error, Radabaugh primarily claims the magistrate judge does not have authority to issue orders in this matter. (*Id.* at 7.) But the Court is statutorily permitted to refer motions to the magistrate judge for an R&R. *See* 28 U.S.C. § 636; D. Minn. LR 72.1. Further, with regard to the magistrate judge's order extending the time for Defendants to answer the Complaint in light of the R&R, (*see* Order, May 25, 2017, Docket No. 6), the magistrate judge has the authority to grant a motion for extension of time if good cause is shown. *E.g.*, *Heide v. LaHood*, No. 10-61, 2010 WL 962319, at *2 (D. Minn. Mar. 12, 2010).

The remaining objections made in the Writ of Error relate the magistrate judge's use of the terms "pro se" and "Plaintiff." Such objections do not go to either the findings or the recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).

County District Court, the American Bar Association ("ABA"), the Minnesota Bar Association ("MSBA"), Corporation Trust Company, and a list of individuals who were involved in the termination proceedings. (Compl. ¶ 1.) Radabaugh's claims are titled "Trespass" or "Trespass on the Case," but are largely framed as Constitutional violations for wrongful termination of parental rights. (*See id.* ¶¶ 24-88.)

The magistrate judge submitted an R&R on May 22, 2017. (R&R, May 22, 2017, Docket No. 2.) The magistrate judge recommended the Court dismiss the Complaint *sua sponte* on three grounds: (1) some claims are barred by the *Rooker-Feldman* doctrine; (2) some claims are barred by the doctrine of prosecutorial and judicial immunity; and (3) the remaining claims are wholly frivolous. (*Id.* at 2-3.) Radabaugh filed timely objections to the R&R. (Obj. to R&R, May 31, 2017, Docket No. 7.)

## DISCUSSION

### I.  STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews *de novo* a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are

- 3 -

reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II. OBJECTIONS TO R&R

### A. *Rooker-Feldman* Doctrine

Radabaugh first objects to the magistrate judge's recommendation that the *Rooker-Feldman* doctrine bars some of her claims. Under the *Rooker-Feldman* doctrine, federal courts do not have subject-matter jurisdiction over challenges to state-court decisions. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). The doctrine is narrow and applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Riehm v. Engelking*, 538 F.3d 952, 964 (8th Cir. 2008) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284). The magistrate judge found that, to the extent the Complaint asks the Court to find the state courts lacked jurisdiction over the custody proceedings or erred in its conclusion regarding the termination of Radabaugh's parental rights, the claims were barred by the *Rooker-Feldman* doctrine.

Radabaugh claims the *Rooker-Feldman* doctrine does not apply to her claims because the state courts were acting outside the scope of their jurisdiction. But, to the extent Radabaugh asks the Court to "overturn various state court orders," the *Rooker-Feldman* doctrine precludes review even if Radabaugh challenges the state court's jurisdiction. *Cassell v. Cty. of Ramsey*, No. 10-4981, 2012 WL 928242, at *1-2, 4 (D. Minn. Mar. 19, 2012), *aff'd*, 490 F. App'x 842 (8th Cir. 2012). For this reason, the Court

will overrule Radabaugh's objection and adopt the R&R's recommendation that Radabaugh's claims seeking to overturn state-court orders regarding termination of parental rights are barred by the *Rooker-Feldman* doctrine.

B.      **Judicial and Prosecutorial Immunity**

Radabaugh next objects to the R&R's recommendation that claims against a state district court judge and three state court of appeals judges (collectively, "judicial Defendants"), and government attorneys and the attorney for the guardian ad litem (collectively "attorney Defendants") must be dismissed because these Defendants are entitled to either judicial or prosecutorial immunity. Specifically, Radabaugh asserts that the Complaint alleges the judicial and attorney Defendants acted outside the scope of their judicial functions and, therefore, are not entitled to immunity.

Beginning with judicial immunity, the claims against judicial Defendants are barred by the doctrine of judicial immunity. Under both federal and state law, judges are immune from civil lawsuits based on their conduct during the performance of judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Hoppe v. Klapperich*, 28 N.W.2d 780, 788 (Minn. 1947) ("'[A] judicial officer cannot be called to account in a civil action for . . . determinations and acts in [a] judicial capacity, however erroneous or by whatever motives prompted.'" (quoting *Stewart v. Case*, 54 N.W. 938, 938 (Minn. 1893))).

Reviewing the allegations in the Complaint, all of the alleged acts and omissions related to judicial Defendants occurred while judicial Defendants were serving in their judicial capacity, presiding over the termination proceedings and appeal; and there are no

allegations or supporting facts to suggest that judicial Defendants acted "in the complete absence of jurisdiction" over the case. *Nazario v. Quaintance*, No. 12-554, 2012 WL 3612098, at *6 (D. Minn. Aug. 3, 2012), *R&R adopted*, No. 12-0554, 2012 WL 3612063 (D. Minn. Aug. 22, 2012).

With respect to prosecutorial immunity, the Eighth Circuit has held officials acting in a functionally comparable role to a prosecutor during child-protection proceedings are immune from liability to the extent they participate in the proceedings. *Thomason v. SCAN Volunteer Servs., Inc.*, 85 F.3d 1365, 1373 (8th Cir. 1996). Thus, to the extent attorney Defendants acted in a role comparable to a prosecutor during the proceedings relating to termination of Radabaugh's parental rights, the Court will overrule Radabaugh's objection.

### C. Frivolousness

Finally, Radabaugh objects to the magistrate judge's recommendation that the claims asserted in the Complaint are frivolous. The provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A, which permit sua sponte dismissal of frivolous complaints for prisoners or plaintiff proceeding *in forma pauperis*, do not apply here because Radabaugh paid the requisite filing fee. *See Porter v. Fox*, 99 F.3d 271, 273 n.1 (8th Cir. 1996). Nevertheless, federal courts have the inherent authority to dismiss frivolous complaints on their own accord to preserve judicial resources and ensure proper judicial functioning. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307-08 (1989) ("Statutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the

power to do so even in the absence of this statutory provision."); *Porter*, 99 F.3d at 273 (noting that federal courts have the authority to dismiss a frivolous complaint sua sponte); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee."). An action is frivolous if it lacks "an arguable basis either in law or in fact"—if it is based on an "indisputably meritless legal theory" or factual allegations that are so "fanciful," "fantastic," or "delusional" as to be "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989).

As set forth in detail by the magistrate judge, the Complaint is filled with allegations illustrating the frivolity of Radabaugh's claims. Radabaugh's state-law claims rely on allegations including: "adoption . . . is human trafficking" (Compl. ¶ 3; *see also id.* ¶ 10 (indicating the State of Minnesota sold S.M.R.K. "for profit"; *id.* ¶ 19 (alleging S.M.R.K. was separated from Radabaugh "for profit no less")); Defendants are part of "a foreign criminal enterprise" to deprive Radabaugh of S.M.R.K. (*id.* ¶ 5; *see also id.* ¶¶ 38-41 (alleging that all members of a bar association "are foreign agents"));[2] terminating Radabaugh's parental rights amounts to "withholding [Radabaugh's] private property from the true owner" or "slavery" (*id.* ¶¶ 10, 29; *see also id.* ¶ 31 (indicating S.M.R.K. is Radabaugh's "private property"));[3] and state courts do not have authority to

---

[2] *See United States v. Petersen*, No. 09-87, 2009 WL 3062013, at *4 (D. Minn. Sept. 18, 2009) ("Defendant claims that all attorneys are part of a 'bar association' which he perceives to be an illegal monopoly. But membership in such associations is purely voluntary and any such organization wields no economic power such that it could exercise monopoly power." (citation omitted)).

[3] *Epps v. Russell Cty. Dep't of Human Res.*, No. 15-25, 2015 WL 1387950, at *7 (M.D. Ala. Mar. 25, 2015) ("Children are not private property and the government is not required to compensate parents with a fair price (if such a thing could even be imagined) for children removed from their home.").

terminate parental rights; (*id.* ¶ 52; *see also id.* ¶ 46 ("[T]he State does not have authority or jurisdiction over families")). [4]

All of Radabaugh's claims are based on the same, or similar, frivolous allegations and, therefore, the Court will overrule Radabaugh's objection and adopt the R&R.

# ORDER

Based on the foregoing, and all the files, records, and proceedings herein:

1. The Court **OVERRULES** Plaintiff Dawn Marie Radabaugh's objections [Docket No. 7] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated May 11, 2017 [Docket No. 2]. Accordingly, **IT IS HEREBY ORDERED** that the Complaint [Docket No. 1] is **SUMMARILY DISMISSED without prejudice**.

2. Radabaugh's request for an in-camera hearing [Docket No. 18] is **DENIED as moot.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 13, 2017             _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                            Chief Judge
                                        United States District Court

---

[4] *See Risenhoover v. 3M Co.*, No. 07-4516, 2008 WL 141777, at *3 (D. Minn. Jan. 14, 2008) (noting that it "is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts" including determinations of parental rights and child custody (quoting *Elk Grove Unified Sch. Dist. V. Newdow*, 542 U.S. 1, 13 (2004))).